UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **EDCV-14-0804-MWF (PLAx)**          **Date:  September 23, 2015**
      **EDCV-14-1484-MWF (PLAx)**

Title:    J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
      Riverside County Office of Education *-v-* Office of Administrative Hearings
      of the State of California, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:              Court Reporter:
      Rita Sanchez              Not Reported

      Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
      None Present              None Present

**Proceedings (In Chambers):**   ORDER ON ALJ DECISION AND FINDINGS OF
                FACT AND CONCLUSIONS OF LAW

      In April 2013, Leticia Neal filed with the Office of Administrative Hearings
("OAH") two due process complaints against the Riverside County Office of
Education ("RCOE") on behalf of her son J.H.  The Administrative Law Judge
("ALJ") held a hearing on the consolidated complaints, which totaled more than 13
days of testimony and argument.  On January 24, 2014, the ALJ issued his decision.
On April 22, 2014, RCOE filed in the Superior Court of California an appeal to
overturn the ALJ's decision.  On April 23, 2014, J.H. filed in this Court its own action
in regard to the ALJ's decision.  (Docket No. EDCV-14-0804).  In July 2014, J.H.
removed RCOE's Complaint to this Court.  (Docket No. EDCV-14-1484).  The cases
were consolidated on September 8, 2014.  (EDCV-14-0804 (Docket No. 25); EDCV-
14-1484 (Docket No. 24)).

      The parties lodged the Administrative Record with the Court on November 14,
2014.  (Docket No. 32).  In two orders issued February 10, 2015, and March 24, 2015,
the Court allowed the parties to supplement this Record with declarations addressing
specific issues raised in the appeals.  (*See* Docket Nos. 47, 57).  The parties then filed
their Opening Briefs on May 11, 2015 (Docket Nos. 62, 64), and their Response Briefs
on June 3, 2015 (Docket Nos. 67, 68).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV-14-0804-MWF (PLAx)**      **Date:  September 23, 2015**
       **EDCV-14-1484-MWF (PLAx)**

Title:      J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
       Riverside County Office of Education -*v*- Office of Administrative Hearings
       of the State of California, et al.

The Court considered the parties' submissions, and a hearing/trial was held on July 7, 2015.  By Order of the Court (Docket No. 76), RCOE filed a Supplemental Trial Brief on July 20, 2015 (Docket No. 79), and J.H. filed a responsive Supplemental Trial Brief on July 27, 2015 (Docket No. 82).  For the reasons stated below, the decision of the ALJ is **AFFIRMED**.

This action in federal court is, functionally, an appeal of the ALJ decision. Nominally, it is sometimes viewed as a trial based on the administrative record. *Compare Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993) (review of IDEA claims is "essentially . . . a bench trial based on the stipulated record"), *with Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995) (review is "in substance an appeal from an administrative determination"). If so deemed, the following constitutes the Court's Findings of Fact and Conclusions of Law.  Fed. R. Civ. P. 52(a).

## I.      BACKGROUND

J.H. is a minor student who suffers from certain emotional, mental, and educational disabilities, rendering him eligible to receive special education services under the Individuals with Disabilities Education Act ("IDEA") and related state laws. (AR 597, 599, 1542, 1672, 1826).  J.H. attended the RCOE court school beginning in May 2011, when, at 10 years old, he was detained in Riverside County Juvenile Hall and charged with killing his father with a handgun.  (RCOE Opening Brief at 4).  J.H. spent roughly two and a half years attending alternating RCOE schools while awaiting trial and a disposition hearing.

During J.H.'s time at Juvenile Hall, RCOE held multiple meetings concerning J.H.'s Individualized Education Programs ("IEPs").  At those meetings, an IEP team reviewed J.H.'s progress and educational goals and assessed what services J.H. might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   EDCV-14-0804-MWF (PLAx)         **Date:  September 23, 2015**
                    EDCV-14-1484-MWF (PLAx)

Title:       J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
             Riverside County Office of Education -*v*- Office of Administrative Hearings
             of the State of California, et al.

need to access and support his education.  (*See, e.g.*, AR 829-831 ("July 13, 2011
IEP"); AR 856-859 ("December 7, 2011 IEP"); AR 887-889 ("July 13, 2012 IEP");
AR 911-913 ("August 28, 2012 IEP")).  At IEP meetings held in April and May 2013,
Steve Figueroa, J.H.'s educational advocate, requested consideration of an RTC
placement for J.H.  (AR 4771-72).

        J.H. was convicted in Juvenile Court of second-degree murder with a firearm.
On October 21, 2013, the Juvenile Court conducted the contested dispositional hearing
and considered potential placements for J.H.  On October 31, 2013, the Juvenile Court
ordered that J.H. should be housed for at least a portion of his sentence under the care
of the California Division of Juvenile Justice ("DJJ"), which it considered to be "the
most restrictive placement for the minor."  (Dispositional Findings and Orders After
Hearing ("Juvenile Court Order") (Case No. 14-0804, Docket No. 10-2)).  This
decision was appealed, and affirmed on June 8, 2015.  J.H. currently remains under the
care of the DJJ, and he attends the Johanna Boss High School located at the DJJ
correctional facility in Stockton, California.

        Leticia Neal, J.H.'s mother, filed a due process complaint in the Office of
Administrative Hearings of the State of California on April 16, 2013.  (ALJ Decision at
1).  The complaint named RCOE as a defendant and alleged that RCOE failed to
provide J.H. with a free appropriate public education ("FAPE") from April 16, 2011, to
April 16, 2013, as required under the federal Individuals with Disabilities Education
Act ("IDEA"), and related state special education laws.  (*Id.* at 2).  Specifically, J.H.
alleged that RCOE denied him a FAPE during that period by failing to comply with
IDEA procedural requirements, failing to provide an appropriate educational program,
and failing to timely provide an assessment and subsequent IEP meeting for that
assessment.[1]

---

[1] At the OAH hearing J.H. raised the following questions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV-14-0804-MWF (PLAx)**          **Date:  September 23, 2015**
          **EDCV-14-1484-MWF (PLAx)**

Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

---

The ALJ conducted hearings on the matter for a total of thirteen days on October 28, November 6-7, 12-13, 18-22, and December 9, 11, 13, 2013.  (*Id.* at 1).  The ALJ issued its 63-page decision on January 24, 2014 (Administrative Record ("AR"), Vol. 4, Ex. 59).  The ALJ ruled in favor of J.H. on certain claims and against him on others.  Among other things, the ALJ concluded that: RCOE failed to provide a Behavioral Support Plan (BSP) for J.H., which denied him a FAPE; RCOE failed to offer J.H. appropriate speech and language services; RCOE failed to offer J.H. appropriate counseling services; and RCOE failed to create appropriate, measurable goals to address J.H.'s emotional and speech and language needs.  The ALJ found that, during his years in the RCOE juvenile court schools, J.H. made little or no progress in academics, behavior, language, and mental health, which the ALJ found were all "inextricably intertwined in contributing to [J.H.'s] educational development."  (AR at 2962).

The ALJ also explained that, "[a]t the heart of this case is whether [J.H.] required a residential treatment center ["RTC"] placement in order to receive

---

(1)  Between April 16, 2011, and April 16, 2013, did RCOE deny J.H. a FAPE by failing to comply with the procedural requirements of special education law as follows:
    a.   Failing to fully and appropriately assess J.H. in all areas of suspected disability (including behavior, mental health, health, social-emotional, speech/language, and academics);
    b.   Failing to use properly trained individuals to conduct appropriate assessments of J.H.;
    c.   Failing to provide appropriate behavior support;
    d.   Failing to offer an appropriate placement and services in J.H.'s individualized education programs (IEP);
    e.   Failing to create appropriate, objectively measurable goals to address J.H.'s unique needs;
    f.   Failing to provide progress reports at required intervals to document J.H.'s educational progress;
    g.   Failing to convene an IEP team meeting when J.H. failed to make anticipated progress; and
    h.   Failing to include J.H.'s parent in IEP team meetings and in all IEP determinations.
(2)  Did RCOE deny J.H. a FAPE by failing to provide a program in which he could gain meaningful educational benefit?
(3)  Did RCOE deny J.H. a FAPE by failing to comply with the assessment plan signed by his parent on May 28, 2013, to timely provide the agreed-upon assessments, and to convene an IEP meeting to review those assessments?

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)           Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)

Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

---

meaningful benefit from his special education program." (*Id.* at 2906). On this issue, the ALJ concluded that RCOE failed to properly consider a RTC placement for J.H., thus denying J.H. a FAPE. The ALJ found that J.H.'s representatives had requested RTC consideration for J.H. both in April and May 2013 (AR 2926), that RCOE failed to discuss an RTC placement at J.H.'s IEP meetings (*id.* at 2927), that RCOE has offered RTC placements to incarcerated students in the past (*id.* at 2929), and that RCOE "never considered an RTC placement, or any placement outside of a juvenile court school" for J.H. (*id.* at 2930).

The ALJ ordered RCOE to:

immediately begin a search for an appropriate locked residential treatment center placement for [J.H.] which specializes in behavior modification and is experienced in treating children with emotional injury due to abuse . . . , [and,] within 30 days of this Decision, petition the Juvenile Court to be joined as a related agency required to provide services to [J.H.] and appear in the Juvenile Court proceedings to explain the services it is required to provide and identify to the Juvenile Court a locked residential treatment center placement that is consistent with this Decision.

(*Id.* at 2965). The only other remedy ordered by the ALJ was that RCOE should, "provide [J.H.] a total of 78, 30 minute sessions of compensatory speech and language services by a clinician experienced in serving students with severe pragmatic communication delays," which he should be allowed to access "until he turns 22 years of age or graduates with a high school diploma, whichever occurs first." (*Id.*).

On April 22, 2014, RCOE filed a complaint in Riverside County Superior Court against J.H. and OAH, seeking to overturn the ALJ Decision and seeking a writ of mandate and declaratory relief (the "RCOE Complaint"). (Case No. 14-1484, Docket No. 1). The principal contention of the RCOE Complaint is that the ALJ exceeded his

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)              Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)
Title:     J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
           Riverside County Office of Education *-v-* Office of Administrative Hearings
           of the State of California, et al.

authority and improperly interfered with the criminal jurisdiction of the Juvenile Court. (RCOE Complaint ¶ 40).  J.H. filed his own Complaint on April 23, 2014.  (Case No. 14-0804, Docket No. 5).  J.H.'s Complaint seeks partial reversal of the ALJ Decision, enforcement of part of the ALJ Decision, and attorneys' fees.  (Compl. ¶ 17-24).  The RCOE Complaint was removed on July 18, 2014, and the matter was transferred to this Court on August 6, 2014.

On June 27, 2014, RCOE filed a number of motions regarding J.H.'s Complaint, arguing that the actions are inappropriate for resolution in federal court because they implicate the extraordinarily important interests of state and local government authorities in administering criminal laws, detaining criminals under their jurisdiction, and protecting the public.  (Docket Nos. 9, 11, 13).  The underlying assumption of this argument is that the Administrative Law Judge ("ALJ") exceeded his authority and improperly ordered the Juvenile Court to change the conditions of confinement of J.H., a ward under the Juvenile Court's jurisdiction pursuant to a commitment order.

In an Order of September 8, 2014, the Court rejected this argument.  (Docket No. 25).  The Court explained its view that the ALJ did not order the Juvenile Court to take any action whatsoever, but rather ordered RCOE to approach the Juvenile Court with a suggestion as to the conditions of confinement.  Consistent with this view, the Court denied RCOE's motions and consolidated the actions.  (*See id.*).

In an Order filed February 10, 2015, the Court allowed RCOE to supplement the Administrative Record with the Declarations of Ann Vessey, Executive Director of the Special Education Division for student programs and services at RCOE, and Tasha Arneson, Ph.D., a Mental Health Case Manager II employed by the Riverside County Special Education Local Plan Area.  (Docket No. 47).  The Court concluded that the Declarations of Vessey and Arneson were directly relevant to the question presented in this litigation as to whether RCOE has taken steps to comply with the ALJ's order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:     J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
           Riverside County Office of Education *-v-* Office of Administrative Hearings
           of the State of California, et al.

identify an appropriate residential treatment center placement, and thus "concern[ed] relevant events occurring subsequent to the administrative hearing." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011).  In accordance with 20 U.S.C. § 1415(i)(2)(C), the Court ordered RCOE to make these declarants available for cross-examination at trial.

In the interest of fairness, the Court then provided both parties one final opportunity to move for supplementation of the Administrative Record.  (Docket No. 47).  The parties filed their Motions to Supplement on March 9, 2015.  (Docket Nos. 49, 50).  In an Order issued March 24, 2015, the Court allowed J.H. to supplement the Administrative Record with the Declaration of Steve Figueroa, an educational advocate for J.H., and allowed RCOE to supplement the Administrative Record with the response to Request for Admissions (Set One) that RCOE propounded on Leticia Neal, individually and in her position as Guardian Ad Litem for J.H., and the response to Special Interrogatories (Set One) that RCOE propounded on Leticia Neal, individually and in her position as Guardian Ad Litem for J.H.  The Court ordered J.H. to make Figueroa available for cross examination at trial.

The trial on the stipulated record was held July 7, 2015.  At the trial the Court heard the direct and cross-examination of the three witnesses who had provided supplemental declarations: Steven Figueroa, Tasha Arneson, and Ann Vessey.  (Docket No. 74).  The Court relies on these witnesses' testimony below only to the extent the testimony touched on issues "concern[ing] relevant events occurring subsequent to the administrative hearing," and other issues explicitly allowed by the Court in its prior orders.  *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011).  The Court disregards testimony that touched on issues directly addressed at the hearing conducted by the ALJ, as the Court did not intend to retry any prior issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)         Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

## II.   **REQUEST FOR JUDICIAL NOTICE**

In conjunction with its Opening Brief, RCOE submitted a Request for Judicial Notice.  (Docket No. 65 (under seal)).  RCOE asks the Court to take judicial notice of transcripts from various proceedings in the Juvenile Court.  J.H. opposes judicial notice, arguing that this Request is in effect a motion to supplement the record, and in any event, that these transcripts are not relevant to the issues on appeal.  (Docket No. 69).

On June 30, 2015, RCOE submitted an additional Request for Judicial Notice.  (Docket No. 71).  In this Request, RCOE asks the Court to take judicial notice of the Opinion certified for publication in the Court of Appeal of the State of California, Fourth Appellate District, Division Two, *In re J.H.*, No. E059942 (Cal. Ct. App. Jun. 8, 2015).  This Request is unopposed.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Moreover, "[f]ederal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'"  *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

The Court **GRANTS** the Requests.  While the Court is sympathetic to J.H.'s argument that these Requests violate the Court's schedule for supplementing the Administrative Record, the Court nevertheless determines that judicial notice is appropriate.  The Court of Appeal decision was not available until well past the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV-14-0804-MWF (PLAx)          **Date:**  September 23, 2015
         EDCV-14-1484-MWF (PLAx)
**Title:**    J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
         Riverside County Office of Education *-v-* Office of Administrative Hearings
         of the State of California, et al.

deadlines set by the Court for augmenting the record, and all of the provided documents have a direct relation to the matters at issue.

## III.   LEGAL STANDARDS

### A.   IDEA Statutory Background

The Ninth Circuit has summarized the goals and substantive requirements of the IDEA, as follows:

> The IDEA provides federal funds to assist state and local agencies in educating children with disabilities, but conditions such funding on compliance with certain goals and procedures. . . . The IDEA's primary purpose is "to assure that all children with disabilities have available to them . . . a free appropriate public education which emphasizes special education and related services designed to meet their unique needs [.]" . . . This purpose is achieved through the development of an individualized education program ("IEP") for each child with a disability. . . . The IEP is crafted annually by a team that includes a representative of the local educational agency, the child's teacher and parents, and, in appropriate cases, the child. . . . The IEP document must contain: information regarding the child's present levels of performance; a statement of annual goals and short-term instructional objectives; a statement of the specific educational services to be provided and the extent to which the child can participate in regular educational programs; and objective criteria for measuring the student's progress.

*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV-14-0804-MWF (PLAx)          **Date:  September 23, 2015**
                 EDCV-14-1484-MWF (PLAx)

**Title:**      J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
                Riverside County Office of Education *-v-* Office of Administrative Hearings
                of the State of California, et al.

"In addition to establishing substantive requirements, the IDEA also includes procedural safeguards which, if violated, may prevent a child from receiving a FAPE." *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 882 (9th Cir. 2001).  The Ninth Circuit has summarized these procedural safeguards as follows:

> [P]arents have the right to 'present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of [a FAPE] to such child.' . . . After making their complaint, the parents are entitled to 'an impartial due process hearing . . . conducted by [an administrative agency], as determined by State law or by the State educational agency.' . . . '[I]f either party is dissatisfied with the state educational agency's review, they may bring a civil action in state or federal court . . . .' . . .

*Id.* (internal citations omitted).

**B.      Standard of Review**

In general, under the IDEA, a party aggrieved by the factual findings and decision rendered after a due process hearing has the right to file a civil action.  *See* 20 U.S.C. § 1415(i)(2)(A).  In such an action challenging an administrative decision, the IDEA provides that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  *Ojai*, 4 F.3d at 1471 (9th Cir. 1993) (citing 20 U.S.C. § 1415(i)(2)(C)).

A district court reviews the decision of the IDEA hearing officer in an administrative proceeding under a modified *de novo* standard, giving "due weight" to the ALJ's conclusions, particularly where it "evinces his [or her] careful, impartial consideration of all the evidence and demonstrates his [or her] sensitivity to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV-14-0804-MWF (PLAx)        **Date:  September 23, 2015**
      EDCV-14-1484-MWF (PLAx)

Title:    J.H. *ex rel.* Leticia Neal -*v-* Riverside County Office of Education
      Riverside County Office of Education -*v-* Office of Administrative Hearings
      of the State of California, et al.

complexity of the issues presented." *Id.* at 1476; *see also Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994) ("We give deference to the administrative findings of the Hearing Officer particularly when, as here, they are thorough and careful."). This means that the hearing officer's factual rendering is considered "prima facie correct," and the district court must explain any disagreement therewith. This "due weight" standard thus prevents a district court from imposing its own view of educational policy on the states. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982) "Complete de novo review . . . is inappropriate." *Amanda J.*, 267 F.3d at 887.

The reviewing court in an IDEA case "shall" include "additional evidence" where it is "non-cumulative, relevant, and otherwise admissible." *E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004-05 (9th Cir. 2011) ("[J]udicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review.") (quoting *Ojai Unified Sch. Dist.*, 4 F.3d at 1473). "Additional evidence" includes "evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* at 1004. The Ninth Circuit has described the review of IDEA claims as "essentially . . . a bench trial based on a stipulated record." *Ojai*, 4 F.3d at 1472.

"The burden of proof in the district court rest[s] with . . . the party challenging the administrative decision." *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1103 (9th Cir. 2007).

**C.    Definition of FAPE**

Pursuant to the IDEA, a FAPE is defined as:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)            Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)

Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

special education and related services that (A) have been provided at public
expense, under public supervision and direction, and without charge; (B) meet
the standards of the State educational agency; (C) include an appropriate
preschool, elementary, or secondary school education in the State involved; and
(D) are provided in conformity with the individualized education program
required under section 1414(a)(5) of this title.

20 U.S.C. § 1401(a)(18).

Although the IDEA was amended in 1997, the Ninth Circuit has held that those
amendments did not supersede the FAPE standard set forth by the Supreme Court in
*Rowley*.  *See J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 951 (9th Cir. 2010).
Therefore, "[t]he proper standard to determine whether a disabled child has received
[FAPE] is the 'educational benefit' standard."  *Id.*  "As construed by *Rowley*, a child
receives a [FAPE] if the program (1) addresses the child's unique needs, (2) provides
adequate support services so the child can take advantage of the educational
opportunities, and (3) is in accord with the individualized education program."
*Capistrano*, 59 F.3d at 893 (quoting *Rowley*, 458 U.S. at 188-89).  "Although the
instruction provided need not be the 'absolutely best or potential maximizing, . . .
Congress did not intend that a school system could discharge its duty under the [IDEA]
by providing a program that produces some minimal academic advancement, no matter
how trivial."  *Amanda J.*, 267 F.3d at 890 (quotation marks and internal citations
omitted).  "The states are obliged to provide 'a basic floor of opportunity' through a
program 'individually designed to provide educational benefit to the handicapped
child.'"  *Gregory K.*, 811 F.2d at 1314 (quoting *Rowley*, 458 U.S. at 201).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-14-0804-MWF (PLAx)         **Date:** September 23, 2015
         EDCV-14-1484-MWF (PLAx)

**Title:**     J.H. *ex rel.* Leticia Neal *-v-* Riverside County Office of Education
         Riverside County Office of Education *-v-* Office of Administrative Hearings
         of the State of California, et al.

In determining whether a child received a FAPE, the inquiry is twofold:

First, the district court must determine "whether 'the State complied with the procedures set forth in the Act.'"  *Amanda J.*, 267 F.3d at 890 (quoting *Rowley*, 458 U.S. at 206-07).  The Ninth Circuit has clarified that:

> [n]ot every procedural violation . . . is sufficient to support a finding that the child in question was denied a FAPE.  Technical deviations, for example, will not render an IEP invalid.  On the other hand, procedural inadequacies that result in the loss of educational opportunity, or seriously infringe the parents' opportunity to participate in the IEP formulation process, or that caused a deprivation of educational benefits, clearly result in the denial of a FAPE.

*Amanda J.*, 267 F.3d at 892 (citations and internal quotations omitted).

Second, the district court must determine, from a substantive standpoint, "whether 'the individualized educational program developed through the Act's procedures [was] reasonably calculated to enable the child to receive educational benefits.'"  *Id.* at 890 (quoting *Rowley*, 458 U.S. at 206-07).  The district court must focus "primarily on the District's proposed placement, not on the alternative that the family preferred."  *Gregory K.*, 811 F.2d at 1314.  Even if the parents' preference is better for the child, the District's placement is still appropriate if it was reasonably calculated to provide educational benefit to the child.  *See id.*  The adequacy of the District's placement is not judged in hindsight; rather, it is judged at the time the IEP was drafted.  *See Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) (finding that the district court erred in holding that it was virtually impossible to determine whether a student would have received meaningful benefit from his individual family service plan ("IFSP") where the IFSP was supplemented by private tutoring, because the district court incorrectly focused on whether the IFSP was

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)            Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)
Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

adequate in light of the student's progress, rather than asking whether the IFSP was
appropriately designed to convey a meaningful benefit to the student).

Special education includes services that are necessary for a student to make
educational progress.  20 U.S.C. § 1401(9); Cal. Educ. Code § 56345(a)(5).  Such
services include transportation, and developmental, corrective, and supportive services,
including mental health counseling, that may be required for a student with a disability
to access and obtain benefit from special education.  20 U.S.C. § 1401(26).

An incarcerated juvenile continues to be entitled to a FAPE while in the juvenile
justice system.  Cal. Educ. Code §§ 48645.1, 48645.2, 56150.  However, the IDEA
does not take precedence over state criminal and juvenile laws, and does not prevent
law enforcement or any state judicial officer from exercising his duties regarding a
student alleged to have committed a crime.  20 U.S.C. § 1415(k)(6)(A).

## IV.   ANALYSIS

### A.   RCOE's Issues on Appeal

#### 1. Whether the ALJ's findings and conclusions were premised on incompetent evidence

RCOE first argues that "the ALJ's findings were not premised on competent
evidence, but on tentative and inconclusive findings and on opinion testimony by
witnesses who openly admitted they were not qualified as experts in subject areas
about which they testified," and that "the ALJ's analysis ignored overwhelming
evidence demonstrating that J.H. made substantial educational progress while enrolled
in the Court School."  (RCOE Brief at 13–14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)              Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)
Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

Specifically, RCOE asserts that the ALJ erred in relying on J.H.'s expert witnesses, Dr. Perry Passaro and Abby Rozenberg, because "at the time of the due process hearing, neither witness had completed a full assessment of J.H.," and "no final report from Passaro or Rozenberg was ever presented to J.H.'s IEP team." (*Id.* at 14). RCOE argues that Passaro based his RTC recommendation in part on his opinion that J.H. may have autism and PTSD, even though Passaro never confirmed a diagnosis of either condition. (*Id.* at 14–15). Additionally, RCOE challenges Passaro's emotional disturbance analysis, on which the ALJ relied, because J.H. did not fit *all* the criteria for emotional disturbance, and Passaro did not spend sufficient time working with J.H. to form a reliable diagnosis. (*Id.* at 15). Similarly, RCOE challenges Rozenberg's assessments because she did not observe J.H. in the classroom and therefore was unable to complete her full assessment. (*Id.*). RCOE thus argues that the ALJ erred in relying on Rozenberg's determination that J.H. was emotionally disturbed. (*Id.* at 16). RCOE asserts that six other witnesses who had spent significantly more time with J.H. concluded that he was not seriously emotionally disturbed. (*Id.*). Moreover, RCOE asserts that the ALJ should not have credited Figueroa's testimony at all, as he lacked the necessary training to weigh in on J.H.'s emotional health. (*Id.* at 17).

RCOE rather argues that the competent evidence firmly demonstrates that J.H. was not emotionally disturbed, and asserts that the decision "failed to analyze or distinguish testimony from six witnesses who explained J.H. made behavioral progress, or that his behavior was otherwise positive." (*Id.* at 16–17). RCOE points to the testimony of School Psychologist and Licensed Educational Psychologist Dr. Mary Ann O'Neill, who indicated that J.H. did not meet the five criteria for such a diagnosis, such as depression or anxiety. (*Id.*). RCOE points out that witnesses Fuentes, a neuropsychologist, and Wesson agreed with O'Neill's analysis. (*Id.* at 17). Indeed Fuentes testified that J.H. appeared to be thriving in his environment and had made improvements in some areas of cognitive thinking. (*Id.* at 18–19). RCOE argues that the ALJ also discounted the testimony of Sheryl Eugene, a Speech and Language

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   **EDCV-14-0804-MWF (PLAx)**          **Date:  September 23, 2015**
              **EDCV-14-1484-MWF (PLAx)**

Title:       J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
             Riverside County Office of Education -*v*- Office of Administrative Hearings
             of the State of California, et al.

---

Pathologist, who had 36 years of experience and determined that J.H. no longer needed speech and language services. (*Id.* at 19). RCOE argues that the ALJ ignored the testimony of Probation Officer Kamlyn Post, who thoroughly researched placements for J.H. and recommended confinement at DJJ rather than an RTC. (*Id.* at 22). RCOE points to testimony from a number of witnesses who felt J.H. had made academic and behavioral improvements while at Juvenile Hall. (*Id.* at 22–23). Accordingly, RCOE argues that the ALJ's findings and conclusions were not "thorough and careful" and are not entitled to deference.

J.H. first responds that Dr. Passaro's testimony and opinions were sufficiently complete and conclusive to support the ALJ's findings, even though his assessment was not yet complete. Dr. Passaro, a school psychologist, licensed educational psychologist, and clinical psychologist, reviewed J.H.'s educational records, met with him, reviewed his educational documents, spoke to his teacher twice, and conducted assessments. (AR at 5038-40, 5045, 5049-50, 5061, 5124-25). At the hearing he provided a tentative written evaluation report (AR at 1538-71), which was later updated in a written report (AR at 1824-62). He testified that while he had not yet finalized his report, the information it contained was reliable. (AR at 5125). Passaro determined based on his assessments that J.H. had made no progress in reading and written expression, as reflected by his standardized test scores. (AR at 5080-82). He further testified that the fact that J.H.'s annual IEPs contained the same goals two years in a row would not indicate he was making educational progress. (AR at 5082-85). Passaro also diagnosed J.H. as having autism, and explained the reasoning behind this finding. (AR at 5091-95, 5623). While several other witnesses challenged this assumption, none of them had ever assessed J.H. for autism. (AR at 5747-48).

Second, J.H. responds that experts other than Passaro agreed that J.H. required mental health services through his IEP. Among other things, J.H. points to the extensive probation reports of J.H.'s ongoing disruptive behaviors (AR at 1001-108),

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)            Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

and testimony from Dr. Hunter, a senior psychologist and supervisor with the
California Department of Corrections and Rehabilitation who evaluated J.H., who
found that J.H. had suffered "horrific abuse" and had difficulties with social interaction
that required mental health interventions (AR at 5736-37, 5744, 5771, 5776).  J.H.
further notes that the RCOE witnesses could not confirm what type of mental health
services J.H. had received.  J.H.'s teacher, Mr. Perez, noted that J.H. had at times
appeared depressed, but testified that no mental health goals had been created for J.H.
in his IEPs.  (AR at 3552-53).  Ann Falkinburg, a clinical therapist from Riverside
County Mental Health also reported that J.H. had anger issues, difficulty following
directions, and PTSD, with signs of depression, but had received inconsistent mental
health services.  (AR at 5750, 5659, 5683, 5640).

       After an independent review of the Administrative Record, the Court concludes
that the ALJ's ruling is based on competent evidence.  While the Court agrees that
some of the witnesses presented testimony at odds with the ALJ's ultimate
conclusions, the Court does not agree that the ALJ ignored testimony or relied on
improper evidence.  In fact, the ALJ gave specific rulings as to the credibility of many
of RCOE's witnesses, including Dr. Fuentes (AR 2940 (describing him as circumspect,
guarded, and noncommittal)) and Sheryl Eugene (AR 2923-24 (describing her as
inconsistent and "incongruently emotional")).  Moreover, the ALJ's ruling provides the
specific assessments and observations on which the conclusions are drawn.  The ruling
was not in fact based on the ALJ's own opinions, as RCOE asserts, but was based on a
review of all of the assessments taken of J.H. and his apparent lack of progress in a
number of significant areas.

       Indeed, the Court disagrees with many of RCOE's characterizations of the ALJ's
ruling.  For example, RCOE argues that "the ALJ based his opinion that J.H. should be
confined to an RTC on the opinion of, among others, the clinical staff at Copper Hills
in Utah, who determined that J.H. was 'a perfect fit' for Copper Hills, and on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV-14-0804-MWF (PLAx)                Date:  September 23, 2015
             EDCV-14-1484-MWF (PLAx)

Title:      J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
             Riverside County Office of Education -*v*- Office of Administrative Hearings
             of the State of California, et al.

Screening Committee, that determined Copper Hills could adequately meet J.H.'s needs."  (RCOE Br. at 22).  However, the ALJ's conclusion was rather that "Student [] failed to receive a meaningful education benefit from the 2011-2012 and 2012-2013 school year IEP's, [and therefore] the County denied Student a FAPE by failing to offer a RTC placement."  (AR 2954).  The ALJ did not indicate that J.H. should have been offered a Copper Hills placement, but rather that he had been denied FAPE by the failure to consider an RTC placement.  While the ALJ certainly pointed to some discussion of Copper Hills that appeared in the materials he reviewed, he did not order that placement.  Moreover, the ALJ based this conclusion on competent evidence, including testimony from Dr. Passaro that J.H. was "a candidate for a residential treatment center."  (AR 5115).  RCOE's characterization is generally misleading.

Similarly, RCOE asserts that the ALJ "*ignores* testimony of numerous witnesses who found J.H. made both academic and behavioral improvements while at Juvenile Hall."  (RCOE Brief at 23) (emphasis added).  However, as RCOE goes on the explain, and as the Administrative Record confirms, the ALJ did not *ignore* testimony of these experts, but rather concluded it was inconsistent with documentary evidence also presented at the hearing.  (*See* AR 2950 ("Dr. Wesson and Ms. Vessey testified that Student's behaviors had improved, particularly during the 2012-2013 school year.  However, this testimony *was not consistent* with the Probation records.  During the month of September 2012, Juvenile Hall staff reported that Student had meltdowns, acted aggressively towards peers and staff, had uncontrollable behavior, was sent to BCS on three occasions, and was suspended or removed from the classroom due to behaviors six times.")).  While RCOE argues that this discussion ignores the testimony of several other witnesses who testified that J.H.'s behavior had improved during his time at Juvenile Hall, this argument misses the mark, as the ALJ already explained that this testimony generally conflicted with the documentary evidence at hand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)            Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

Ultimately, and after its own independent review, the Court concludes that the ALJ's conclusions were detailed, thorough, and careful, and based on competent and reliable evidence.  The fact that some of the evidence conflicts, or that there are arguments that can be raised against some of the evidence, does not mean that it is not competent.  The Court concludes that the ALJ ruling is entitled to deference.

### 2. Whether the ALJ erred in concluding RCOE had an obligation to recommend J.H. be confined in an RTC instead of Juvenile Hall

RCOE next argues that the ALJ erred in concluding that "RCOE's failure to opine on whether J.H. should be confined in an RTC was a procedural violation of the IDEA that impeded J.H.'s right to a FAPE."  (RCOE Brief at 23 (citing AR 2951–52)). RCOE asserts that it had no legal obligation to recommend that J.H. be confined outside of Juvenile Hall, because it has no role in choosing a "juvenile placement" within the Juvenile Court system.  "RCOE, unlike the juvenile court, is not privy to either information about why a student is confined or what dangers that student may pose to the community," and therefore it should not weigh in on juvenile placement decisions.  (*Id.* at 26).  According to RCOE, "[t]he Juvenile Court alone bears responsibility for making confinement decisions, meaning that RCOE could have considered an educational placement outside of Juvenile Hall if asked to do so by the Juvenile Court, or in cooperation with, and as part of, the juvenile court proceedings." (*Id.* at 27).  RCOE points out that while "the Juvenile Court was aware of the due process proceedings under the IDEA," it nevertheless "declined to join RCOE as a party in October 2013 or to wait for the ALJ's findings."  (*Id.* (citing RJN, Ex. 3 at 53, 66-67)).

Moreover, RCOE argues that the considerations in making an educational placement are contrary to those necessary in choosing a "juvenile placement." In making an educational placement, "program option services are only to be provided by

---

**CIVIL MINUTES—GENERAL**                                        **19**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

nonpublic, nonsectarian schools where no appropriate public education program is available." (*Id.* at 24 (citing Cal. Educ. Code §§ 56360, 56361, 56365(a))). RCOE notes that under Juvenile Court law, "juvenile placements" may be made without prior resort to less restrictive options. *In re Eddie M.*, 31 Cal. 4th 480, 507, 3 Cal. Rptr. 3d 119 (2003). Moreover, "juvenile placements," may not be out-of-state unless in-state facilities are "unavailable or inadequate to meet the needs of the minor." Cal. Welfare & Inst. Code § 727.1(b)(1). According to RCOE, the ALJ conflated "juvenile placements" with "educational placements," which "presents a host of practical and legal problems." (RCOE Brief at 26). RCOE asks to Court to conclude that "[t]he ALJ's conclusion that RCOE had an obligation to consider a RTC placement, without RCOE deeming it necessary, and without the Juvenile Court's order to do so, was contrary to law and inconsistent with general practice." (*Id.* at 28).

Additionally, RCOE argues that there is no factual basis to recommend that J.H. be confined outside of Juvenile Hall because the record "demonstrates J.H. progressed academically and received a FAPE." (RCOE Brief at 29). Specifically, RCOE challenges the ALJ's characterization of J.H.'s progress as "de minimis," "in light of the overwhelming evidence to the contrary." (*Id.*). RCOE argues that it satisfied the applicable standards that school districts confer "some educational benefit" on students who are eligible for special education services, including "progress toward the central goals and objectives of the IEP." (*Id.*). Specifically, RCOE points out that J.H. made academic progress between November 2011 and September 2013 on certain achievement scores (AR at 852, 1162, 3779, 3783), and that the feedback received from his teachers reflected his progress in other areas (AR at 5416-17). This evidence includes testimony from Eugene that showed J.H. made progress in speech and language. (RCOE Brief at 30). RCOE points out that even J.H.'s expert Passaro noted that "there were . . . some areas where [J.H.] seemed to be doing okay." (AR at 5081). RCOE argues that, "[i]n light of J.H.'s progress, the IEP team was not compelled to consider a RTC placement." (RCOE Brief at 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)

Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

RCOE further challenges the ALJ's conclusion that RCOE failed to provide a
Behavior Support Plan ("BSP") and that this was a procedural violation that deprived
J.H. of an educational benefit, resulting in the denial of a FAPE.  (AR at 2950).
Specifically, the ALJ found that despite J.H.'s "lengthy history of behavior problems,"
RCOE failed to implement a BSP, failed to provide comparable services, and "failed to
demonstrate that J.H.'s behavioral problems were not intertwined with his educational
needs."  (*Id.* at 2950).  RCOE argues, however, that J.H. did receive behavior supports
at Juvenile Hall, and that he responded positively to them, such as by increasing his
ability to control his impulsivity.  (AR at 3496-98, 3580, 3859, 5409, 5476-5477).
Among other things, the ALJ never addressed Wesson's testimony, based on formal
observations, that J.H. did not need a BSP to access his education.  (AR at 3849).
RCOE highlights numerous other examples in the Administrative Record where
witnesses testified that J.H.'s behavior improved significantly during his time at the
school.  (RCOE Brief at 33-35).

J.H. responds that a residential placement is necessary for a student if such
placement is required to meet the student's unique educational needs.  *Ashland Sch.
Dist. v. Parents of RJ*, 585 F. Supp. 2d 1208, 1231 (D. Or. 2008), *affirmed* 588 F.3d
1004 (9th Cir. 2009); *see also Clovis Unified Sch. Dist. v. Cal. Office of Admin.
Hearings*, 903 F.3d 635, 643 (9th Cir. 1990) (explaining that residential placement is
appropriate when it is "considered necessary for educational purposes").  In *Clovis*, the
Ninth Circuit identified three tests to be used to determine when a school district
should offer a residential placement: (1) when the placement is "supportive" of the
student's education; (2) when medical, social, or emotional problems that require
residential placement are intertwined with educational problems; and (3) when the
placement primarily aids the student to obtain benefit from his education.  *Id.*; *see also
Cnty. of San Diego v. Cal. Special Educ. Hearing Office*, 93 F.3d 1458, 1468 (9th Cir.
1996).  J.H. argues that it was RCOE's role to evaluate J.H. under these tests, and to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

offer an RTC if J.H. qualified, regardless of his juvenile proceedings.  J.H. argues that, "[n]o authority has been provided by RCOE that makes an exception to its duty to identify appropriate services and placements for students in its juvenile court schools, and its failure to comply with IDEA and state law to recommend appropriate services and placement for J.H. in his IEP was a denial of FAPE."  (J.H. Response at 14).

Moreover, J.H. asserts that "[h]ad J.H. been fully and appropriately assessed in all areas of suspected disability in years past and provided with an offer of FAPE to meet his needs, . . . the abuse he was experiencing might have been stopped and his behaviors, social-emotional needs, and mental health needs addressed."  (J.H. Response at 7).  J.H. points out that at the hearing, Passaro testified that J.H. should receive RTC placement.  (AR at 5115, 5212-15).  J.H. argues that where he was "not making educational progress in the very restrictive RCOE programs, even when RCOE purportedly provided him with the services it claimed he needed—appropriate accommodations, some one-to-one instruction, and specific educational programs," a more restrictive RTC placement is appropriate.  (J.H. Response at 13).

J.H. argues that RCOE fails to acknowledge J.H.'s lack of educational progress and the impact of his emotional/mental health and behavior issues on his education. J.H. points out that while Dr. Wesson testified that J.H. had received one-to-one instructional services when he entered RCOE school, and had improved to the point that he no longer required one-to-one help, this testimony was discredited by the fact that J.H. was in fact not offered one-to-one instruction as part of his IEP in 2011 or 2012.  (AR at 5626, 1176, 1190).  Moreover, J.H.'s teacher, Mr. Perez, acknowledged that J.H. had failed to meet his annual IEP goals in 2013.  (AR at 3554-56).  As of November 2013, J.H. did not know his math facts, allegedly a fourth grade skill (AR at 3442, 3444), was below his grade level in reading skills, and required lots of redirection and classroom structure (AR at 3445-46).  J.H. points out that the "improvement" RCOE asserts J.H. made while at Juvenile Hall was in fact behavioral,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)              Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)

Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

and not academic.  (J.H. Response at 16).  Importantly, for the period from May 2011 until October 2013, when RCOE held annual IEP meetings for J.H., he made no meaningful educational progress on his annual IEP goals, and in fact, his goals had to be scaled back.  (AR at 1508-79).

There is very limited case law addressing the question of whether a Juvenile Hall has a legal obligation to recommend a private facility, such as a residential treatment center, in a student's IEP process when it has no role in choosing a "juvenile placement" within the criminal Juvenile Court system.  The case law the Court could find, however, indicates that an entity running a Juvenile Hall is obligated to recommend an RTC or other private facility, where failing to do so would result in a denial of FAPE.  As J.H. points out, "[n]o authority has been provided by RCOE that makes an exception to its duty to identify appropriate services and placements for students in its juvenile court schools."  (J.H. Reply at 14).

Indeed, while the Court could find no cases directly resolving this general issue, it did find cases indicated that the Juvenile Hall retains the responsibility to identify a RTC where required to provide a FAPE.  In *Los Angeles County Office of Education v. C.M.*, CV 10-4702 CAS (RCx), 2011 WL 1584314, at *1 (C.D. Cal. April 22, 2011), for example, a minor incarcerated at a Juvenile Hall operated by the Los Angeles County Office of Education ("LACOE") was referred to the Department of Mental Health for an assessment after the initial IEP team meeting, and the assessment "recommended that she be placed in a RTC."  In light of this assessment, LACOE convened a special IEP team meeting, which authorized the recommended RTC placement, and began the process to search for an appropriate RTC placement for the student.  *Id.*  The issue before the court in that case was whether LACOE was still responsible for providing the minor with a FAPE after she was released from juvenile hall to the RTC facility.  In the context of deciding that issue, the court explained that "LACOE's obligation to provide [the student] a FAPE while she was detained in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   EDCV-14-0804-MWF (PLAx)              Date:  September 23, 2015
           EDCV-14-1484-MWF (PLAx)
Title:     J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
           Riverside County Office of Education -*v*- Office of Administrative Hearings
           of the State of California, et al.

juvenile hall was not truly in dispute." *Id.* at *5.  The court explained in a footnote that "it is quite clear that in California, a county office of education is responsible for the provision of a FAPE to individuals who are confined in juvenile hall schools within that county during the pendency of their detention." *Id.* at *5 n.6.

The court in *T.R. v. Humbolt County Office of Education*, No. 14-cv-04839, 2015 WL 4129539, at *6 (N.D. Cal. July 8, 2015), relied on *C.M.* in rejecting Defendants' argument that they "cannot be liable as a matter of law for failing to make appropriate decisions with respect to T.R.'s special education needs because, while he was incarcerated at Juvenile Hall, the Juvenile Court had exclusive jurisdiction over all decisions with respect [to the student's] custody."  As the issue was before the court on a motion to dismiss, it was not definitively resolved.  However, again, the court pointed out that "[i]n California, a county office of education is responsible for the provision of a FAPE to individuals who are confined in juvenile hall schools within that county during the pendency of their detention." *Id.*

The Court concludes that RCOE thus did have an obligation to consider J.H.'s request for a RTC, as soon as it had been raised at J.H.'s IEP meeting.  Having made that determination, the Court further concludes that on the facts in the Administrative Record, RCOE clearly had an obligation to recommend an RTC placement, based on J.H.'s failure to make academic progress in Juvenile Hall.  As J.H. explained in his briefing, and as the ALJ explained in his ruling, "[w]hen J.H. failed to make progress in the confines of the RCOE schools, it was clear that a more restrictive placement – an RTC – was necessary."  (J.H. Reply at 13).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)

Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

3.  **Whether the ALJ's determination that J.H. required an RTC
    placement was not "compensatory" as a matter of law because it
    was not educationally-based**

Next, RCOE argues that the ALJ erred by requiring RCOE to "investigate and
recommend an appropriate locked residential treatment center placement," as
"compensation" for its failure to provide J.H. with appropriate behavior supports,
counseling, goals, and placement, and for impeding J.H.'s mother from participating in
the IEP process.  (RCOE Brief at 35).  RCOE asserts that this directive did not remedy
any educational problems or compensate for any educational deficits.  (*Id.*).

Compensatory education services can be awarded as appropriate equitable relief
for the denial of a FAPE.  *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025,
1033 (9th Cir. 2006).  Compensatory education seeks to "place disabled children in the
same position they would have occupied but for the school district's violation of
IDEA."  *R.P. ex. Rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir.
2011).  The Ninth Circuit has held that when a FAPE has been denied, "it may be a
rare case when compensatory education is not appropriate."  *Parents of Student W. v.
Puyallup Sch. Dist. No. 3*, 31 F.3d 1489, 1497 (9th Cir. 1994).

RCOE argues that because "there is no law or fact suggesting J.H. was entitled
to a RTC placement in this case[,] [t]he ALJ's determination that J.H. should be
'compensated' with a RTC placement was not based on J.H.'s educational needs or on
any finding that J.H. could not receive educational or related services in Juvenile Hall
or DJJ."  (RCOE Brief at 37).  Again, RCOE emphasizes that only the juvenile court
has authority to confine a juvenile before, during, and after delinquency proceedings.
Moreover, RCOE asserts that the ALJ failed to explain why J.H. needed to be confined
in an RTC.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

Additionally, RCOE argues that the ALJ's order was "so vague, and not educationally-based, that RCOE encountered difficulties in even attempting to comply with it." (*Id.* at 37-38). The ALJ did not provide any description of services J.H. required, or what gaps in service the RTC was meant to fill. (*Id.*). RCOE asserts that the ALJ based its decision on J.H.'s social, emotional, and behavioral needs, rather than on any educational deficits tied to J.H.'s alleged denial of FAPE. (*See* AR at 2964 ("Given his related emotional and treatment needs," J.H. required a RTC placement, "specifically designed for students who are seriously emotionally disturbed, with educational providers and mental health clinicians experienced in childhood trauma.")).

J.H. responds that the remedy awarded J.H. at the hearing was the ALJ's attempt to correct RCOE's past denial of FAPE in failing to recommend RTC for J.H. to the Juvenile Court and failing to identify and address J.H.'s unique needs. Administrative hearing officers have broad authority under IDEA to fashion a remedy from a denial of FAPE. *See Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16 (1993). The ALJ's equitable authority "must include the power to order compensatory education, that is, education services designed to make up for past deficiencies in a child's program." *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 522-23 (D.C. Cir. 2005). As the ALJ concluded that an RTC placement should have been recommended for J.H. and then presented to the Juvenile Court, as a remedy the ALJ recommended the identification of an appropriate locked residential treatment that could now be presented to the Juvenile Court. (J.H. Response at 17).

The Court concludes that the ALJ's order requiring RCOE to "investigate and recommend an appropriate locked residential treatment center placement," as "compensation" for its failure to provide J.H. with appropriate behavior supports, counseling, goals, and placement, was educationally-based. Dr. Passaro had conducted an assessment of J.H. and found that he had not made adequate *educational* progress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)           Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

There was in fact ample evidence presented at the hearing for the ALJ to conclude that J.H. failed to make educational progress in 2011, 2012, and 2013, as his IEP goals remained the same and he continued to exhibit academic skills in the fourth and fifth grade level, even as he progressed to seventh grade.  Based on these assessments, Dr. Passaro believed that J.H. required RTC placement, as he needed educational therapy to help him learn.  (AR 5115, 5119, 5120).  This case is not analogous to *Clovis*, in which "[t]he absence of educational services" provided by the placement "indicate[d] that the room and board were medically as opposed to educationally related."  903 F.2d at 647.  Here, the type of placement the ALJ ordered RCOE to search for was an educational institution that could support J.H.'s learning.

Given the intersection with the Juvenile Court proceedings, the ALJ could not order an RTC placement.  However, the ALJ sought to catch J.H. up to the level he should have been absent the denial of FAPE by ordering that RCOE identify an appropriate RTC placement and inform the Juvenile Court of the availability of this facility.  The Court concludes that this was an appropriate remedy under the circumstances presented to the ALJ.

### 4.  Whether the ALJ exceeded its jurisdiction when it ordered RCOE to participate in the Juvenile Court's confinement deci*sion*

Finally, RCOE repeats its argument, raised in this Court previously, that the ALJ exceeded its jurisdiction when it ordered RCOE to participate in the Juvenile Court's confinement decision.  According to RCOE, "[t]he ALJ had no legal authority to address the issue of J.H.'s confinement," and "had no authority to declare, or enjoin, RCOE to become a party in the Juvenile Court proceedings."  (RCOE Brief at 39).  While RCOE admits that students in Juvenile Hall are entitled to a FAPE, it argues that such students must receive a FAPE within the confines of Juvenile Court Law.  *See* 20 U.S.C. § 1415(k)(6)(A) ("Nothing in this part shall be construed . . . to prevent State

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

law enforcement and judicial authorities from exercising their responsibilities with
regard to application of Federal and State law to crimes committed by a child with a
disability.").

J.H. objects to this argument, arguing that RCOE fails to establish how the ALJ
ordered RCOE to "interfere with" or "countermand" the Juvenile Court's confinement
decision.  The Court agrees.  As has already been explained at length in its prior orders,
the Court does not and will not interpret the ALJ's order as infringing on the
jurisdiction of the Juvenile Court.  The mere fact that the ALJ ordered RCOE "to do
what it should have done"—i.e., identify an appropriate RTC and officially make a
recommendation to the Juvenile Court for such a placement—does not equate to
interfering or countermanding the Juvenile Court's authority or any order of the Court.
The Juvenile Court is entitled to continue to decline to allow RCOE to intervene and
present these issues, or it could accept the testimony but ultimately decline to change
his placement.  Ultimately, however, J.H. is entitled to FAPE even while incarcerated
in the juvenile court system, and the ALJ can order remedies consistent with the IDEA.

## B.    J.H.'s Issues on Appeal

### 1.  Whether the ALJ erred in finding that RCOE had provided mandated progress reports on J.H.'s IEP goals to his parent

IDEA and state law both require that a parent be kept informed of his child's
progress on annual IEP goals.  To that end, the IEP must state when periodic reports on
the progress the child is making toward meeting his annual goals will be provided.  *See*
20 U.S.C. § 1414(d)(1)(A)(III).  While J.H.'s IEPs stated that progress on J.H.'s goals
would be given to his parent each semester, J.H. argues that RCOE failed to comply
with this requirement, and that the ALJ erred in concluding otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)
Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

The ALJ found that RCOE "established that it provides progress reports [on] a regular basis . . . and the County provided educational assessments which documents [J.H.'s] progress in 2011, 2012, and 2013." (AR at 2959). J.H. argues, however, that his teacher, Mr. Perez, testified that while he did prepare reports for J.H. every two weeks (AR at 3446), these reports did not address all of J.H.'s specific IEP goals as required (AR at 3431). RCOE provided only two of the mandated progress reports on annual goals (AR at 4496-97, 979-99), and provided non-annual IEP goal "report cards" to the parent instead of the required semester IEP goal reports.

RCOE responds by asserting that "[n]ot all procedural flaws result in the denial of a FAPE." *See L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009). A procedural violation is harmless if the violation did not affect the substantive rights of the parent or child. *Id.* at 909, 910. Specifically, a procedural violation results in the denial of a FAPE "if it results in the loss of an educational opportunity, seriously infringes the parents' opportunity to participate in the IEP formulation process or causes a deprivation of educational benefits." *J.L.*, 592 F.3d at 953.

RCOE argues that J.H. has not shown that any substantive rights were affected by the alleged dearth of adequate progress reports. In analyzing whether a procedural violation resulted in the violation of a substantive right or was instead harmless error, courts consider whether a parent's right to participate in the IEP process was "significantly affected." *L.M.*, 556 F.3d at 905, 910. RCOE points out that J.H. acknowledges his parent received reports every two weeks. J.H. argues only that those reports were insufficient because they did not address all of J.H.'s IEP goals.

The Court concludes that RCOE did provide regular progress reports allowing J.H.'s parent to participate in the IEP meetings and finds no error in the ALJ's ruling on this issue. The IDEA imposes no specific requirements about the content or frequency of reports. *See* 34 C.F.R. § 300.320(a)(3)(ii). J.H. failed to meet his burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)          Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)

Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

in demonstrating that the level of detail it wanted in the reports was in fact mandatory,
and the Court concludes that he has not shown that any substantive rights were affected
by the alleged lack of adequate progress reports.

### 2. Whether the ALJ erred by concluding that J.H.'s parent was not denied timely participation in the IEP and IDEA hearing process

When a parent gives consent to a district assessment, the assessment and report
must be reviewed at an IEP team meeting within sixty days of the consent.  Cal. Educ.
Code § 56344(a).  J.H. argues on appeal that the assessment by Dr. Fuentes, which was
not an independent educational evaluation, was delayed by RCOE beyond the
mandated timeline, which denied J.H.'s mother timely participation in the IEP and
IDEA hearing process and further delayed a decision in the OAH matter.  Specifically,
J.H. asserts that it consented to RCOE's assessment on May 28, 2013 (AR at 975-77),
but that Dr. Fuentes was told to halt his assessment, and therefore he did not present
his assessment report until October 17, 2013 (AR at 3899).  This in turn delayed the
hearing from August 9, 2013, to October 21, 2013.  (AR at 2972-85).

RCOE again responds by arguing that J.H.'s substantive rights were not affected
by the delay of Dr. Fuentes' assessment.  RCOE asserts that there is no evidence in the
record demonstrating that RCOE delayed Fuentes' ability to conduct his assessment or
complete his report, or that it had any control over when Fuentes conducted his
assessment. (RCOE Response at 12).  RCOE notes that during this time J.H. was
transferred to the DJJ in Stockton, and thus the assessment was more difficult to
complete.  (AR at 3897-98).  Additionally, RCOE argues that J.H. has not shown that
he incurred a loss of educational opportunity or otherwise suffered any harm by the
delayed report because the assessment and report were completed and available for
J.H.'s use and the ALJ's consideration prior to the due process hearing.  (RCOE
Response at 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-0804-MWF (PLAx)              Date:  September 23, 2015
          EDCV-14-1484-MWF (PLAx)

Title:    J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
          Riverside County Office of Education -*v*- Office of Administrative Hearings
          of the State of California, et al.

     While the Court concludes there was a procedural violation caused by the delayed evaluation, this violation did not result in a denial of FAPE.  *M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 645 (9th Cir. 2005) (explaining that only "procedural inadequacies that result in the loss of educational opportunity, or seriously infringement on the parents' opportunity to participate in the IEP formulation process, clearly result in the denial of FAPE").  J.H.'s general argument that "[t]he delay of hearing and of due process for J.H. of over two months is not an insignificant period, and further delayed FAPE for J.H.," is insufficient to establish Defendant's responsibility for a loss of FAPE.  J.H. has not demonstrated that "absent the error, there is a 'strong likelihood' that alternative educational possibilities for the student 'would have been better considered.'"  *Doug C. v. Haw. Dep't of Educ.*, 720 F.3d 1038, 1047 (9th Cir. 2013) (quoting *M.L.*, 394 F.3d at 657).  J.H. does not explain what information in the report, if presented earlier, would have materially altered the services he was receiving, or what alternative educational possibilities would have been better considered.  The assessment was completed and available for use at the rescheduled hearing.

     **3.  Whether the ALJ failed to fully identify compensatory education for J.H.**

     As explained above, federal and state law provides courts with broad equitable powers to remedy a local educational agency's failure to provide a disabled child with FAPE.  20 U.S.C. § 1415(i)(1)(C)(iii); Cal. Educ. Code § 56505(g).  While the ALJ identified multiple denials of FAPE, J.H. argues that he "failed to award meaningful and appropriate compensatory education."  (J.H. Brief at 22).  According to J.H., the ALJ should have identified the compensatory education services, based upon the testimony of experts at the hearing, to make up the educational loss caused by RCOE's IDEA violations.  Specifically, J.H. asks that the compensatory education award should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-14-0804-MWF (PLAx)          **Date:** September 23, 2015
                EDCV-14-1484-MWF (PLAx)

Title:        J.H. *ex rel.* Leticia Neal -*v*- Riverside County Office of Education
              Riverside County Office of Education -*v*- Office of Administrative Hearings
              of the State of California, et al.

include mental health services and academic remediation that will allow him to make up for two years of denial of FAPE.

Among other things, RCOE argues that J.H.'s opening brief on this point is vague in suggesting that the ALJ should have awarded him "indeterminate mental health services" and "services fully identified at [the] hearing by [J.H.'s] expert, Dr. Perry Passaro." (RCOE Response at 20). The Court agrees. Even apart from the fact that Dr. Passaro's report was not final by the time of the hearing before the ALJ, which alone brings into question whether his recommendations should be implemented at this time, the Court notes that the final report indicates a number of varying interventions that could be employed to aid J.H. As J.H. does not narrow in on any particular interventions he requests, the Court has no way to evaluate the requests in light of the evidence presented. Accordingly, this request is denied. The ALJ thoughtfully culled through the evidence and identified two specific areas that would provide "compensatory education" for J.H. The Court determines that the "compensatory education" awarded appropriately addresses J.H.'s denial of FAPE.

## V.    **CONCLUSION**

Accordingly, the decision of the ALJ is **AFFIRMED**.

IT IS SO ORDERED.